IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE  DISTRICT OF GEORGIA
MACON  DIVISION

| | | |
|---|---|---|
| RICHARD BULLOCK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| CITY OF MACON, GA., and | : | CIVIL ACTION FILE |
| RICHARD POWELL, Individually | : | NO. 5:12-CV-213 |
| and in his Official Capacity as Director | : | |
| of the City of Macon Department Of | : | |
| Public Works, | : | |
| | : | |
| Defendants. | : | |

## FIRST AMENDED COMPLAINT

NOW COMES, Richard Bullock,  Plaintiff herein, and pursuant to Fed. R. Civ.

P. 15,  hereby submits his First Amended   Complaint against the above-named

Defendants on the following grounds.

## JURISDICTION AND VENUE

1.

This action arises under 42 U.S.C. §§1981, 1983,   Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §2000e et. seq., and  the Age Discrimination In Employment

Act, 29 U.S.C. §621 et seq.  Jurisdiction  is conferred on the Court via 28 U.S.C.

§§1331 and 1343.

2.

Venue is properly laid in this Court under 28 U.S.C. §1391(b) and 28 U.S.C. §90(a) as the Defendants reside in the Middle  District of Georgia, Macon  Division, and the unlawful conduct complained of occurred within the Northern District of Georgia.

**PARTIES**

3.

Plaintiff Richard Bullock  (DOB: 10/24/64)  is a White  male citizen of the United States, who was employed by the City of Macon as Supervisor in the City's Department of Public Works ("DPW")  immediately prior to  the  unlawful termination of his  employment on or about April 19, 2010.

4.

The Defendant City of Macon ("the City") is a public corporation existing under the laws of the State of Georgia and is subject to suits of this kind and nature. The City is subject to the jurisdiction of this Court and may be served with process via service on the Mayor of the City of Macon, Robert Reichert, at his business address of 700 Poplar Street, Macon, Ga., 31201.

5.

The Defendant Richard Powell ("Powell") is currently and was at all times relevant to this action the Director of the City of Macon's DPW.   Powell may be served with process via service of the Complaint and Summons at his business address of 327 Lower Poplar Street, Macon, Ga., 31201.

6.

The City of Macon was at all times relevant to this action an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and the Age Discrimination In Employment Act, employing at all pertinent times 15 or more employees.

7.

Plaintiff filed charges of race and age discrimination with the U.S. Equal Employment Opportunity Commission within 180 days of the discriminatory acts complained of herein.  This Amended Complaint is filed within 90 days of Plaintiff's receipt of a notice of right to sue from the U.S. Department of Justice.

8.

Defendants' conduct delineated herein was accomplished under color of state and local law pursuant to the policy and/or custom of the City of Macon, or was accomplished with the knowledge and approval of the City's final policymaking officials.

## FACTUAL ALLEGATIONS

9.

After nearly 26 years of employment in the City of Macon's DPW, on or about April 19, 2012, Plaintiff Bullock (who is white) was involuntarily terminated from employment by the City's newly-hired African American Director of the DPW, Defendant Richard Powell.

10.

No legitimate cause existed to justify Plaintiff's termination, a fact which was known to the Defendants.

11.

Based on his training, experience and history of excellent work performance, at the time of his involuntary termination, Plaintiff was exceptionally well qualified to continue in the position of Supervisor within the City's DPW.

12.

After the termination of Bullock's employment, he was effectively replaced by an African American person, Derek Pitts, who at the time assumed Bullock's duties and responsibilities.

13.

At the time of Bullock's termination, the City treated a similarly-situated

African American co-employee within the DPW (Martin Kendricks) more favorably

than Bullock---by retaining him (Kendricks) in employment.

14.

At the time of Plaintiff's termination, Defendants retained a similarly situated

based on comparative experience and work performance, (Kendricks).

15.

At the time of Plaintiff's termination, Defendants retained younger, otherwise

similarly situated persons within the DPW.

16.

Defendants' termination of Plaintiff's employment was substantially

motivated by his race, White, and his age, over 40.

17.

As a consequence of the City's unlawful conduct in terminating Bullock's

termination based on his race and/or age, he has suffered lost wages and benefits of

employment, including but not limited to retirement and insurance benefits.

18.

As a consequence of the City's race-based termination of Plaintiff's

employment, he has suffered severe mental and emotional distress.

19.

As a consequence of Defendants' actions enumerated herein, Plaintiff  has

suffered special damages in form of expenses, including the payment of attorney's

fees,  that he would not have incurred but for Defendants' discriminatory conduct.

20.

Powell was  aware at the time of Bullock's  termination that terminating his

employment based on his race and/or age violated Bullock's  federal rights.  Powell's

conduct, therefore, was  willful and  deliberate,  warranting  an  award  of  punitive

damages and/or liquidated damages.

21.

Defendants' termination of Plaintiffs' employment based on his age was willful

and deliberate thereby entitling Plaintiff to an award of liquidated damages.

## SUBSTANTIVE ALLEGATIONS
## COUNT ONE: TITLE VII RACE DISCRIMINATION

22.

Plaintiff is a white male who, based on his training, experience,  and history of

satisfactory  work performance was qualified to hold the position he occupied at the

time of his termination.

23.

Plaintiff's termination was not "for cause" and was unsupported by any legitimate, non-discriminatory purpose.

24.

Plaintiff was effectively replaced by one or more African American employees.

25.

Upon information and belief, at the time of Plaintiff's termination, Defendants retained similarly situated African American DPW  employees.

26.

Plaintiff's race, white, was a substantial motivating factor in the Defendants' decision to terminate his employment.

27.

Defendants' actions in terminating Plaintiff's employment  based on his race, White,  constitutes a violation of his  rights under Title VII of the Civil Rights Act of 1964.[1]

### COUNT TWO: 42 U.S.C. §1981  RACE DISCRIMINATION

28.

Defendant Powell's actions in terminating Plaintiff's employment based on his

---

[1] Plaintiff's claim under Title VII is asserted against only the City of Macon.

race, White,  constitutes a violation of Plaintiff's rights under 42 U.S.C. §1981.[2]

## COUNT THREE: 42 U.S.C. §1983  RACE DISCRIMINATION

29.

Defendants' action in terminating Plaintiff based on his race constitutes a denial

of  Plaintiff 14th Amendment right to Equal Protection under the law, was occasioned

under color of state and local law and is therefore actionable under 42 U.S.C. §1983.[3]

## COUNT FOUR: AGE DISCRIMINATION

30.

At the time of his termination, Plaintiff was over the age of 40, and was,  based

on his training, experience,  and history of satisfactory  work performance qualified to

hold the position he occupied at the time of his termination.

31.

Upon information and belief, Plaintiff was replaced by one or more substantially

younger persons.

32.

Upon information and belief, at the time of Plaintiff's termination, Defendants

retained  lesser-qualified  (based  on  comparative   training,experience  and  work

---

[2]Plaintiff's claim under 42 U.S.C. Sec. 1981 is asserted against only Defendant Powell.

[3]Plaintiff's claim under 42 U.S.C. Sec. 1983 is asserted against both Defendants.

performance) similarly situated substantially younger persons in the DPW.

33.

Plaintiff's age was a substantial motivating factor in the Defendants' decision to terminate his employment.

34.

Defendants' actions in terminating Plaintiff's employment based on his age constitutes a violation of the Age Discrimination in Employment Act ("ADEA").[4]

**WHEREFORE,** Plaintiff demands judgment as follows:

(a)     that the Defendants be served with a copy of this Complaint and process as provided by law;

(b)     trial by jury;

(c)     that the Plaintiff recover of the Defendants special damages, including but not limited to lost wages and benefits of employment, including diminished retirement/pension benefits, and all expenses incurred by the Plaintiff as a consequence of Defendants' unlawful conduct;

(d)     that the Plaintiff recover of the Defendants general damages for mental and emotional distress;

(e)     that Plaintiff recover prejudgment interest;

---

[4]Plaintiff's claim under the ADEA is asserted against only the City of Macon.

(f)     that the Plaintiff recover punitive damages against Defendant Powell;

(g)     that the Plaintiff recover his costs and reasonable attorney's fees pursuant

to Title VII, 42 U.S.C. Sec. 1988,   and  the ADEA.

(h)     Such other and further relief as the Court deems just and proper.

Respectfully submitted this 17th day of October, 2012.


/s/ Harlan S. Miller
Harlan S. Miller
Georgia Bar No. 506709



MILLER LEGAL,  PC
6400 Powers Ferry Rd.
Suite 300
Atlanta, Georgia 30339
(404) 969-4101
(404) 969-4140 (fax)
hmiller@millerlegalpc.com

MACON OFFICE:
3646 Vineville Avenue
Macon, Ga. 31201